LAW OFFICE OF MYLES S. BREINER
MYLES S. BREINER            4364
E-mail: myles@breinerlaw.net
Davies Pacific Center
841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Telephone:  (808) 526-3426
Facsimile:   (808) 521-7680



Attorney for Plaintiffs
FRANCISCO FRANSON
JORDON TOPINIO

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCISCO FRANSON and JORDON TOPINO<br><br>          Plaintiffs,<br><br>     vs.<br><br>CITY AND COUNTY OF HONOLULU;  VINCENT MORRE; NELSON TAMAYORI;  JOSEPH BECERA; and LOUIS M. KEALOHA,<br><br>          Defendants. | CIVIL NO. CV 16-00096 DKW/KSC<br><br>**SUBMITTED UNDER SEAL**<br><br>MEMORANDUM OF LAW Re: PROFESSIONAL RULES OF CONDUCT RULE 1.7 IN RESPONSE TO  ORDER TO SHOW CAUSE (Dated Aug 1, 2016); ATTORNEY MYLES S. BREINER'S  DECLARATION, Exhibits A-F; CERTIFICATE OF SERVICE |

**MEMORANDUM OF LAW
Re: PROFESSIONAL RULES OF CONDUCT RULE 1.7
IN RESPONSE TO  ORDER TO SHOW CAUSE (Dated Aug 1, 2016)**

**Redacted version**

## Background

On 06/09/2014, Attorney Myles S. Breiner ("Attorney Breiner") filed <u>Kaahu vs. Randall, et al</u>, CV 14–00266 HG/RLP (Dist. HI). That matter involves a 42 U.S.C § 1983 claim against four officers, and names the Chief of Police as "the final policy maker" and the City & County of Honolulu. Currently the Chief of Police is Louis M. Kealoha. The only allegations in the Complaint made against Chief Kealoha are in his capacity as Chief, that he did not "train, supervise and/or discipline" his employees; and that the "Chief" is the *final policy maker* in charge and named as a defendant accordingly

On 03/06/2016, Attorney Breiner filed <u>Franson vs City & County of Honolulu</u>, et al, 16-CV-96-DKW/KSC (Dist. HI). That matter involves a 42 U.S.C § 1983 claim against three officers, and also names the Chief Louis M. Kealoha as "the final policy maker."

Some time in May of 2016, Attorney Breiner began talks ██████████ ██████████ of the Chief of Police, along with Chief Kealoha, in the event that there are indictments filed against them. Those indictments have not been secured as of this date. There has, however, been some initial pre-indictment activity, and several press statements where Attorney Breiner spoke on behalf of ████████

In an overabundance of caution in the potential event of a *Conflict of*

*Interests,* Attorney Breiner sought guidance from the Hawaii State Bar Association, Office of the Disciplinary Counsel.

On August 1, 2016, the Court *Sua Sponte,* per The Honorable Judge Helen Gillmor, issued a *Minute Order,* ordering Attorney Breiner and Defense Counsel to *"Show Cause* and "file memoranda concerning their respective positions as to the Hawaii Rules of Professional Conduct, in particular Rule 1.7 considering Mr. Breiner's representation before the Court;" As well as in another matter, <u>Franson vs. Topino, *et al*</u> 16-CV-96-DKW-KSC. Attorney Myles S. Breiner herein submits this Memorandum of Law, Declaration of Attorney Myles S. Breiner, *Under Seal.*

(Another copy of this document will be filed *Under Seal* in the <u>Franson vs. Topino</u> 16-CV-96-DKW-KSC matter as well.)

Because the Order to Show Cause does not specify such, and because this Response contains Attorney-Client information, no copy was served on Corporation Counsel in either the <u>Franson</u> o███████ matter. This pleading is file also under seal for those reasons.

## MEMORANDUM OF LAW

**Rule 1.7 Conflict Of Interest: Current Clients** states:

(a)    Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

3

    (1)    the representation of one client will be directly adverse to another client; or

    (2)    there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b)    **Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:**

    (1)    the **lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation** to each affected client;

    (2)    the representation is **not prohibited by law**;

    (3)    **the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and**

    (4)    **each affected client gives informed consent, confirmed in writing.**

I.    <u>**Although there is the Potential for a Conflict of Interests, all Clients have Waived that Conflict.**</u>

In May of 2016, Attorney Breiner was in discussions with ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮about Attorney Breiner representing ▮▮▮▮▮▮▮▮▮▮should there be an indictment involving the ▮▮▮▮▮. The ▮▮▮▮▮▮have been repeatedly disparaged in the local media, and there was speculation of an indictment in Federal District Court arising from a family dispute.  In order to avoid the appearance of a conflict or the appearance of impropriety, Attorney Breiner contacted the Hawaii State Bar Association, Office of Disciplinary Counsel ("ODC").  The ODC Counsel informed Attorney Breiner

4

that they could not provide a written opinion, and referred Attorney Breiner to the

Rules of Professional Conduct Rule 1.7. (Quoted above). Attorney Breiner was

informed by the ODC Counsel that the Hawaii Rules Of Professional Conduct,

Rule 1.7 requires written notice regarding any potential *conflict of interest.* They

read the rule together, and both opined that the matter could be waived by written

client consent. (Declaration of Myles S. Breiner)

Rule 1.7(b) outlines where a potential conflict may be waived by the client

allowing the lawyer to continue representing the client. In accordance with that

conversation, Attorney Breiner issued a letter advising the Kaahus of the potential

conflict. (*See,* Exhibit A). Both Jonah Kaahu and his wife Donna Kaahu signed

informed "Consents." (*See,* Exhibit B). The Chief and Mrs. Kealoha also signed

consents. (*See,* Exhibit C).

Similarly, in Franson *et al.* vs. City & County of Honolulu *et al.,* 16-CV-96-

DKW/KSC, Francisco Franson and Jordan Topinio were informed in writing, and

signed informed "Consents." (Exhibit D & E).

Attorney Breiner has been involved in litigation with the City & County of

Honolulu on these Police abuse cases, and has a genuine basis to form a

reasonable belief that he could competently represent all parties involved.

I.   **THE ISSUE OF WHETHER A CONFLICT OF INTEREST CAN BE WAIVED IS CLIENT SPECIFIC AND THE PRIMARY RESPONSIBILITY OF THE LAWYER UNDERTAKING THE REPRESENTATION.**

> The question of whether a perceived conflict of interest can reasonably be consented to is typically determined by considering whether the interests of the clients will adequately be protected if the clients are permitted to give their consents, after consultation, to representation burdened by a conflict of interest. . . . Resolving questions of conflict of interest is primarily the responsibility of the lawyer in the underlying representation.  In litigation, a court may raise the question when there is a reason to infer that the lawyer has neglected the responsibility.
> (Hawaii Rules of Professional Conduct, June 25, 2013, Comments re: "Prohibited Representations," ¶ 15.)

Here, the individual clients: Franson, Topino, and th████████ll have the greatest confidence in Attorney Breiner.  Th██████ctually had another attorney at the inception of this matter, and chose and continue to work with Attorney Breiner, for almost two years now.

The State Supreme Court's Comments to the Hawaii Rules of Professional Conduct, Rule 1.7 also tell us to look at the parties' specific interest.  "[W]hen the client's are directly aligned directly against each other in the same litigation or other proceeding before a tribunal," the conflict may be incurable.  Here, the clients are directly aligned against each other, but the lawyer does not represent them on both in that same matter.  ████████has a separate counsel for both

6

the Franson and ████████ Here, the four Plaintiffs have  claims under  42 U.S.C. §
1983 and "excessive force." They are not claiming ███████████ hit them.  The
chief's role as the "final policy maker" is not a  person-specific adversary.  Any
*final policy maker* would do.

     Attorney Breiner plans to represent ███████████ only if criminal charges
are brought by a federal prosecutor, and that matter would have nothing to do with
neither Franson/Topinio's nor ████████ laims.  And no position Mr.  Franson,
Mr. Topinio or th████████ could imaginably have anything overlap with the ██████
█████████ fense.   The anticipated claims being investigated against ████████
█████████ are totally unrelated to the policies being challenged in Franson and
Topinio.

     Most importantly, the Comments on "Prohibited Representations"
specifically warns: "[o]bjections from [opposing counsel] should be viewed
**with caution, however, for it can be misused as a technique of harassment.**
(Ibid)  (This harassment has already begun. *See e.g.*, Exhibit D, Email from
Attorney Traci  R. Morita, dated August 2, 2016).

////

////

7

### III.    ATTORNEY BREINER'S REPRESENTATION OF
###         THE KEALOHAS HAS NOT YET BEGUN

The agreement between ████████ and Attorney Breiner is that Attorney

Breiner would represent ████████ in the event that indictments are filed in the

Federal District Court, District of Hawaii.  To date, no such indictments have been

handed down.

### III.    RULE 1.7 WAS DESIGNED TO PROTECT THE CLEINTS'
###         INTERESTS AND ASSURE THEM OF THE BEST
###         REPRESENTATION OF THEIR INTERESTS.

The Sixth Amendment right to counsel includes a criminal defendant's right

to retain counsel of his own choosing. United States v. Gonzalez, 126 S. Ct. at

2561; Wheat vs. U.S., 486 U.S. at 159. "It is hardly necessary to say that, the right

to counsel being conceded, a defendant should be afforded a fair opportunity to

secure counsel of his own choice."  Powell v. Alabama, 287 U.S. 45, 53, 53 S. Ct.

55, 77 L. Ed. 158 (1932).  ████████████████████████████████

████████████████████ have made their careers in the legal

business and they know Attorney Myles Breiner.  Their choice for the best

possible defense counsel they can afford should be their choice. ████████

knew about the Franson/Topinio and ██████ matters long before they approached

Attorney Breiner.

This presumption in favor of a criminal defendant's right to counsel of choice may be overcome by a showing of either an actual conflict or a serious potential for such conflict posed by the representation. Wheat vs . U.S., 486 U.S. at 164; see also United States v. Jones, 381 F.2d 114, 119 (2d Cir. 2004). Motions to disqualify counsel are decided in light of State law. In re County of Los Angeles, 223 F. 3d 990, 995 (9th Cir. 2000); Hitachi Ltd. v. Tatung Co., 419 F. Supp. 2d 1158, 1160 (N.D. Cal. 2006). Ultimately, however, the decision of whether to disqualify counsel due to conflict of interest is within the trial court's discretion based upon consideration of standards of professional conduct in each state. Trone v. Smith, 621 F.2d 994, 999 (9th Cir. 1980).

Important to note in a Motion to Disqualify, many courts have recognized the party seeking disqualification bears the burden of proving the conflict alleged. United States v. Pizzonia, 415 F.Supp. 2d 168, 179 (E.D.N.Y. 2006);  United States v. Decay, 406 F. Supp. 2d 679, 683 (E.D. La. 2005); Cramer v. Sabine Transp. Co., 141 F. Supp. 2d 727, 730 (S.D. Tex. 2001);  "The moving party bears a high standard of proof to show that disqualification is warranted." Tessier v. Plastic Surgery Specialists, Inc., 731 F. Supp. 724, 729 (E.D. Va. 1990).

The Court is also aware that the disqualification of a party's chosen counsel is a serious matter which cannot be based on an imagined series of possible

conflicts, but must be based on a genuine conflict in the position taken by the parties. (Richmond Hilton Associates vs. City of Richmond, 690 F. 2d 1086, 1098 (4th Cir, 1982).

In this regard, it has been held that:

> A disqualification inquiry, particularly when instigated by an opponent, presents a palpable risk of unfairly denying a party the counsel of his choosing. Therefore, notwithstanding the fundamental importance of safeguarding popular confidence in the integrity of the legal system, attorney disqualification... is a sanction that must not be imposed cavalierly.
> F.D.I.C. v. U.S. Fire Ins. Co., 50 F.3d 1304, 1316 (5th Cir.1995).

Respectfully Submitted,

MYLES S. BREINER
Attorney for the Plaintiffs

Attorney for the Plaintiffs
Francisco Franson and Jordan Toninio

[Proposed] Attorney for

10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCISCO FRANSON and JORDON TOPINO<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF HONOLULU; VINCENT MORRE; NELSON TAMAYORI; JOSEPH BECERA; and LOUIS M. KEALOHA,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL NO. 14-00266 HG-RLP<br><br>**SUBMITTED UNDER SEAL**<br><br>ATTORNEY MYLES S. BREINER'S DECLARATION, Exhibits A-F |

## ATTORNEY MYLES S. BREINER'S DECLARATION

I, Myles S. Breiner, do hereby declare:

1.  I am the *Attorney of Record* for ▮▮▮▮▮▮▮▮▮▮ *et al.*, et al, Case No. ▮▮▮▮▮▮▮▮ (Dist.HI)

2.  I am also the *Attorney of Record* for <u>Franson *et al* vs. City & County of Honolulu, *et al.*</u>, et al, Case No. 16-CV-96 DKW/KSC (Dist.HI)

3.   I am contemplating representing ████████████████████ ███████████████████████████████████████████ ██████████████in the event that they are indicted.

4.   In an over abundance of caution in May, I contacted the State Bar Associations.  The Office of Disciplinary Counsel ("ODC") Counsel advised me that they would not issue a written opinion, but was kind enough to read through the Rules of Professional Conduct Rule 1.7.   We read the rule together, and both opined that the matter could be waived by written client consent.

5.   My office issued a letter pursuant to the Hawaii Rules of Professional Conduct, Rule 1.7, advising ██████████████of the potential for a conflict. A true and correct copy of the letter that was sent █████████ ████████is attached as "Exhibit A."

6.   After being fully informed of the option to find another attorney and provided with the written option to do so, both █████████████ signed the "Waiver of Conflict to Continue Representation."  A true and correct copy is attached hereto as "Exhibit B."

7.   My office issued a letter pursuant to the Hawaii Rules of Professional Conduct, Rule 1.7, advising Jordan Topinio and Francisco Franson of the potential for a conflict conflict.  A true and correct copy of the letter that

was sent to Francisco Franson and Jordon Topinio is attached as "Exhibit C."

8.   After being fully informed of the option to find another attorney and provided with the written option to do so, both Francisco Franson and Jordon Topinio signed the "Waiver of Conflict to Continue Representation." A true and correct copy is attached hereto as "Exhibit D."

9.   ███████████████████████████████████████████ ███████ signed consents.  A true and correct copy of those informed consent is attached as "Exhibit E."

10.   I have handled many cases against the Honolulu Police Department, which included suing ████████████ as required under 42 U.S.C § 1983, naming him as the "final policy maker" or under a theory of *Respondeat Superior*.

11.   I am aware of the responsibilities and obligations incumbent upon my office in the representation of plaintiffs in a 42 U.S.C § 1983 action, and I believe that I can competently, ethically and reasonably fulfill those obligations while representing the █████████████.

12.   I have handled many criminal matters before the United States Federal District Court, District of Hawaii, and I know I can ethically and competently represent a client before that tribunal.

13.   Nothing in Mr. Franson's, Mr. Topinio's, or the ████████ase could possibly have any impact on the upcoming matter involving the Chief of Police and his wife.

14.   Nothing in the upcoming matter involving the ██████████████ could possibly impact Mr. Franson's, Mr. Topinio's, or the ███████ positions in their respective cases.

15.   Opposing counsel in this matter has never raised the issue of a conflict of interest in any of these matters, albeit ██████Franson, or the Federal Grand Jury investigation into ██████████ Of course the Court is free to raise the issue in an abundance of caution; however, it is not a matter that has caused concern for nay of my clients as evidenced by their signed Waivers.

16.   The agreement I have with ████████is that my law office will represent ██████████n the event that indictments are filed. To date, no such indictments have been handed down yet.

17.   A true and correct copy of an email received from Deputy Corporation Counsel Traci R. Morita regarding this OSC is attached as "Exhibit F."

Respectfully Submitted:

MYLES S. BREINER

# Exhibit A



ATTORNEY AT LAW
A LAW CORPORATION

MYLES S. BREINER



841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel: (808) 526-3426
Fax: (808) 521-7680
e-mail: myles@breinerlaw.net
Web: hawaiicriminaldefense.net

June 3, 2016



███████ Hawaii █████

Dea██████

Thank you for retaining The Law Office of Myles S. Breiner regarding your pending legal matter. Because my law office is concurrently representing ████████████████████████████████████████████████████ I am obligated to advise you of any potential conflict of interest.

Pursuant to Hawaii Rules of Professional Conduct 1.7:

> If a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the consent of the client after consultation. Even where there is no direct adversity of interest, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.
>
> Notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:
> (1)  the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2)  the representation is not prohibited by law;
> (3)  the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4)  each affected client gives consent after consultation, confirmed in writing.

As my client, you are entitled to expect confidentiality, independent judgment, and loyalty from me in connection with those matters in which I am your attorney. I do not believe that a conflict of interest presently exists as your matters are separate and independent from the matters in which I am representing the ███████████

I believe I can continue to represent your legal interests without adversely affecting or compromising the attorney-client relationship. Rest assured, your agreement to waive any potential conflict does not allow me to disclose any information regarding your case to the Kealohas and vice-versa.

If you believe that this potential conflict of interest will not adversely impact my ability to represent you and desire continued representation, please execute the enclosed Waiver of Conflict to Continue Representation. However, if you believe that the potential conflict of interest will affect my ability to represent you or you wish to seek new counsel if my law office continues to represent ▬▬▬▬▬ please execute the Non-Waiver of Conflict to Discontinue Representation. Please return the completed Waiver form to my office. I have enclosed a self-addressed, stamped envelope for your convenience.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

MYLES S. BREINER

Enclosures (Waivers)

# PLEASE SIGN ONLY <u>ONE</u> WAIVER

The first waiver gives us your consent to continue representing you.

The second waiver <u>does not</u> give us your consent to continue representing you.

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

███████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ███████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ███████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.


Dated: _____        _____
                                                (Signature)

NON-WAIVER OF CONFLICT TO DISCONTINUE
REPRESENTATION

I, ▓▓▓▓▓▓▓▓ hereby acknowledge that I have carefully read and
understand the foregoing letter. I am informed that The Law Office of
Myles S. Breiner is currently representing my interests and those of
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

I further understand and am aware that certain conflicts of interests
may exist by The Law Office of Myles S. Breiner representing both
▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and myself.

After careful review, I do not waive any such conflict as provided for
by HRPC§1.7 and hereby request to discontinue legal services from
The Law Office of Myles S. Breiner if The Law Office of Myles S.
Breiner continues to represent ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Dated: _____       _____
                                                     (Signature)



**ATTORNEY AT LAW**
**A LAW CORPORATION**

MYLES S. BREINER

841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel: (808) 526-3426
Fax: (808) 521-7680
e-mail: myles@breinerlaw.net
Web: hawaiicriminaldefense.net

August 1, 2016



_____ Hawaii ____

Dear Donna:

Thank you for retaining The Law Office of Myles S. Breiner regarding your pending legal matter. Because my law office is concurrently representing _____ I am obligated to advise you of any potential conflict of interest.

Pursuant to Hawaii Rules of Professional Conduct 1.7:

> If a conflict arises after representation has been undertaken, the lawyer ordinarily must withdraw from the representation, unless the lawyer has obtained the consent of the client after consultation. Even where there is no direct adversity of interest, a conflict of interest exists if there is a significant risk that a lawyer's ability to consider, recommend, or carry out an appropriate course of action for the client will be materially limited as a result of the lawyer's other responsibilities or interests.

> Notwithstanding the existence of a concurrent conflict of interest, a lawyer may represent a client if:
> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> (2) the representation is not prohibited by law;
> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
> (4) each affected client gives consent after consultation, confirmed in writing.

As my client, you are entitled to expect confidentiality, independent judgment, and loyalty from me in connection with those matters in which I am your attorney. I do not believe that a conflict of interest presently exists as your matters are separate and independent from the matters in which I am representing the

I believe I can continue to represent your legal interests without adversely affecting or compromising the attorney-client relationship. Rest assured, your agreement to waive any potential conflict does not allow me to disclose any information regarding your case to the Kealohas and vice-versa.

If you believe that this potential conflict of interest will not adversely impact my ability to represent you and desire continued representation, please execute the enclosed Waiver of Conflict to Continue Representation. However, if you believe that the potential conflict of interest will affect my ability to represent you or you wish to seek new counsel if my law office continues to represent ▬▬▬▬ please execute the Non-Waiver of Conflict to Discontinue Representation. Please return the completed Waiver form to my office. I have enclosed a self-addressed, stamped envelope for your convenience.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

MYLES S. BREINER

Enclosures (Waivers)

# PLEASE SIGN ONLY <u>ONE</u> WAIVER

The first waiver gives us your consent to
continue representing you.

The second waiver <u>does not</u> give us your
consent to continue representing you.

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, ███████████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ████████████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ██████████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.


Dated: _____     _____
                                                          (Signature)

## NON-WAIVER OF CONFLICT TO DISCONTINUE REPRESENTATION

I, ██████████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ██████████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ██████████████ and myself.

After careful review, I do not waive any such conflict as provided for by HRPC§1.7 and hereby request to discontinue legal services from The Law Office of Myles S. Breiner if The Law Office of Myles S. Breiner continues to represent ██████████████

Dated: _____    _____
                                                    (Signature)

# Exhibit B

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, ▮▮▮▮▮▮▮ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ▮▮▮▮▮▮▮▮▮▮▮▮.

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ▮▮▮▮▮▮▮▮▮▮ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: 6/9/16 _____     _____
                                              (Signature)

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I ██████████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ██████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ██████████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: 8|1|16 _____      _____████████████_____
                                              (Signature)

# Exhibit C

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I̵̵̵̵̵̵̵̵̵̵̵̵ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of numerous clients involved in civil and criminal cases that may inherently possess a conflict of interest.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: _____       _____
                                            (Signature)

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I █████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of numerous clients involved in civil and criminal cases that may inherently possess a conflict of interest.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: _____███████_____       _____████████_____

(Signature)

# Exhibit D



ATTORNEY AT LAW
A LAW CORPORATION

MYLES S. BREINER

841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel: (808) 526-3426
Fax: (808) 521-7680
e-mail: myles@breinerlaw.net
Web: hawaiicriminaldefense.net

July 19, 2016

 Franson

Honolulu, Hawaii 968█

Dear Francisco:

Thank you for retaining The Law Office of Myles S. Breiner regarding your
pending legal matter. Because my law office is concurrently representing
█████████████████████████████████████ I am obligated to advise you of
any potential conflict of interest.

Pursuant to Hawaii Rules of Professional Conduct 1.7:

   If a conflict arises after representation has been undertaken, the lawyer
   ordinarily must withdraw from the representation, unless the lawyer has
   obtained the consent of the client after consultation. Even where there is
   no direct adversity of interest, a conflict of interest exists if there is a
   significant risk that a lawyer's ability to consider, recommend, or carry out
   an appropriate course of action for the client will be materially limited as a
   result of the lawyer's other responsibilities or interests.

   Notwithstanding the existence of a concurrent conflict of interest, a lawyer
   may represent a client if:
   (1)  the lawyer reasonably believes that the lawyer will be able to provide
        competent and diligent representation to each affected client;
   (2)  the representation is not prohibited by law;
   (3)  the representation does not involve the assertion of a claim by one
        client against another client represented by the lawyer in the same
        litigation or other proceeding before a tribunal; and
   (4)  each affected client gives consent after consultation, confirmed in
        writing.

As my client, you are entitled to expect confidentiality, independent judgment,
and loyalty from me in connection with those matters in which I am your
attorney. I do not believe that a conflict of interest presently exists as your matters
are separate and independent from the matters in which I am representing the
█████

I believe I can continue to represent your legal interests without adversely affecting or compromising the attorney-client relationship. Rest assured, your agreement to waive any potential conflict does not allow me to disclose any information regarding your case to the Kealohas and vice-versa.

If you believe that this potential conflict of interest will not adversely impact my ability to represent you and desire continued representation, please execute the enclosed Waiver of Conflict to Continue Representation. However, if you believe that the potential conflict of interest will affect my ability to represent you or you wish to seek new counsel if my law office continues to represent th██████ please execute the Non-Waiver of Conflict to Discontinue Representation. Please return the completed Waiver form to my office. I have enclosed a self-addressed, stamped envelope for your convenience.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

MYLES S. BREINER

Enclosures (Waivers)

# PLEASE SIGN ONLY <u>ONE</u> WAIVER

The first waiver gives us your consent to continue representing you.

The second waiver <u>does not</u> give us your consent to continue representing you.

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, Francisco Franson, hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ███████████████████████.

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ███████████████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.


Dated: _____       _____
                                                    (Signature)

NON-WAIVER OF CONFLICT TO DISCONTINUE
REPRESENTATION

I, Francisco Franson, hereby acknowledge that I have carefully read
and understand the foregoing letter. I am informed that The Law
Office of Myles S. Breiner is currently representing my interests and
those of ███████████████████.

I further understand and am aware that certain conflicts of interests
may exist by The Law Office of Myles S. Breiner representing both
███████████████████ and myself.

After careful review, I do not waive any such conflict as provided for
by HRPC§1.7 and hereby request to discontinue legal services from
The Law Office of Myles S. Breiner if The Law Office of Myles S.
Breiner continues to represent ███████████████.

Dated: _____     _____
                                    (Signature)

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, Francisco Franson, hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of Louis and Katherine Kealoha.

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both Louis and Katherine Kealoha and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: _____    _____
                                    (Signature)

# Exhibit E



ATTORNEY AT LAW
A LAW CORPORATION

MYLES S. BREINER

841 Bishop Street, Suite 2115
Honolulu, Hawaii 96813
Tel: (808) 526-3426
Fax: (808) 521-7680
e-mail: myles@breinerlaw.net
Web: hawaiicriminaldefense.net

June 7, 2016

 Topinio

Honolulu, Hawaii 96▓▓

Dear Jordan:

Thank you for retaining The Law Office of Myles S. Breiner regarding your
pending legal matter. Because my law office is concurrently representing
▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ I am obligated to advise you of
any potential conflict of interest.

Pursuant to Hawaii Rules of Professional Conduct 1.7:

> If a conflict arises after representation has been undertaken, the lawyer
> ordinarily must withdraw from the representation, unless the lawyer has
> obtained the consent of the client after consultation. Even where there is
> no direct adversity of interest, a conflict of interest exists if there is a
> significant risk that a lawyer's ability to consider, recommend, or carry out
> an appropriate course of action for the client will be materially limited as a
> result of the lawyer's other responsibilities or interests.
>
> Notwithstanding the existence of a concurrent conflict of interest, a lawyer
> may represent a client if:
> (1)  the lawyer reasonably believes that the lawyer will be able to provide
>      competent and diligent representation to each affected client;
> (2)  the representation is not prohibited by law;
> (3)  the representation does not involve the assertion of a claim by one
>      client against another client represented by the lawyer in the same
>      litigation or other proceeding before a tribunal; and
> (4)  each affected client gives consent after consultation, confirmed in
>      writing.

As my client, you are entitled to expect confidentiality, independent judgment,
and loyalty from me in connection with those matters in which I am your
attorney. I do not believe that a conflict of interest presently exists as your matters
are separate and independent from the matters in which I am representing the
▓▓▓▓▓▓▓

I believe I can continue to represent your legal interests without adversely affecting or compromising the attorney-client relationship. Rest assured, your agreement to waive any potential conflict does not allow me to disclose any information regarding your case to the Kealohas and vice-versa.

If you believe that this potential conflict of interest <u>will not adversely</u> impact my ability to represent you and desire continued representation, please execute the enclosed Waiver of Conflict to Continue Representation. However, if you believe that the potential conflict of interest will affect my ability to represent you or you wish to seek new counsel if my law office continues to represent ▮▮▮▮▮▮▮ please execute the Non-Waiver of Conflict to Discontinue Representation. Please return the completed Waiver form to my office. I have enclosed a self-addressed, stamped envelope for your convenience.

Should you have any questions, please do not hesitate to contact our office.

Very truly yours,

MYLES S. BREINER

Enclosures (Waivers)

# PLEASE SIGN ONLY <u>ONE</u> WAIVER

The first waiver gives us your consent to continue representing you.

The second waiver <u>does not</u> give us your consent to continue representing you.

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, ███████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ████████████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ████████████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.


Dated: _____   _____
                                            (Signature)

## NON-WAIVER OF CONFLICT TO DISCONTINUE REPRESENTATION

I, ████████, hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of
████████████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ████████████████ and myself.

After careful review, I do not waive any such conflict as provided for by HRPC§1.7 and hereby request to discontinue legal services from The Law Office of Myles S. Breiner if The Law Office of Myles S. Breiner continues to represent ████████████████

Dated: _____        _____
                                      (Signature)

## WAIVER OF CONFLICT TO CONTINUE REPRESENTATION

I, ███████████ hereby acknowledge that I have carefully read and understand the foregoing letter. I am informed that The Law Office of Myles S. Breiner is currently representing my interests and those of ████████████████████

I further understand and am aware that certain conflicts of interests may exist by The Law Office of Myles S. Breiner representing both ███████████████████ and myself.

I knowingly and freely waive any such conflict as provided for by HRPC§1.7, and consent to such concurrent representation by The Law Office of Myles S. Breiner.

Dated: ████████ _____    _____████████████████_____

(Signature)

# Exhibit F

| | |
|---|---|
| **From:** | Morita, Traci R (COR) <tmorita1@honolulu.gov> |
| **Sent:** | Tuesday, August 02, 2016 3:22 PM |
| **To:** | Myles Breiner |
| **Cc:** | Sherwood, Curtis E; Cornwell, Jeanine; Furman, Amanda; Clifford Mau |
| **Subject:** | RE: ▓▓▓▓▓▓▓▓▓▓ |
| **Attachments:** | FW: Kaahu v. Randall -- Settlement Conference |

Mr. Breiner:

This is in response to both your letter, dated July 29, 2016, and your paralegal, Clifford Mau's email response addressed to Ms. Furman on August 1, 2016. First, addressing the issue of the Settlement Conference. My email correspondence on July 28, 2016 (below) was _not_ a "request" to continue the Settlement Conference in this case, it was an effort to work with your office, in good faith, and accommodate _your_ prior request to us to "group" Plaintiffs' depositions with the Settlement Conference on August 11, 2016. Mr. Mau said in your prior email correspondence that it would be a "hardship" for your clients to take two (2) inter-island flights here to Oahu for the settlement conference and their depositions; therefore, when obvious scheduling conflicts (to us, apparently, but not your office) arose on both August 9 and 10, I thought offering to reschedule the depositions, as well as the Settlement Conference, would be the prudent and courteous thing to do. Additionally, it was you (via your paralegal, Mr. Mau) who requested to continue the initial Settlement Conference back in June (see attached email string).

Based on my discussions with Mr. Sherwood who is co-counsel on this case, and a review of the emails and documents, the following is a timeline of the communications between our offices in scheduling the depositions:

- On July 15, 2016, Mr. Mau responded via email (again, copying you) provided the following dates and times as dates and times that "work[ed]" for you:
  - ✕ **"August 9th anytime after 10:00 a.m. all day,**
  - ✕ **"August 10th from 8:30-2:30"**
- On July 18, 2016, pursuant to the above provided dates, our office sent out a Notice of Deposition with the understanding that we would conduct depositions on both August 9, and on August 10
- On July 19, 2016, Mr. Mau sent an email to Mr. Sherwood stating that "[Mr. Breiner] just got set in Judge Traders' on Aug 9, 2016 at 11:30" and that you were "comfortable beginning ▓▓▓▓▓▓ deposition at 10 a.m., but [Mr. Breiner would have to] leave shortly after 11:00 a.m."
- On July 28, 2016, Mr. Mau sent an email stating that Mr. Breiner has a "trial call" at 1:30 p.m. in the afternoon so you could "only insure availability [on August 10 from] 8:00 a.m. to 11:30 a.m."

Based on Mr. Mau's email communications with our office, you are now telling us that you are only available on:

- **August 9, 2016 between 10-11 a.m. and between 2 p.m.-5 p.m.; and**
- **August 10, 2016 from 8:30-11:30.**

The above dates and times amount to only four (4) hours on August 9, and three (3) hours on August 10, leaving us with only a combined seven (7) hours to complete the deposition of two (2) plaintiffs. As an aside, I did follow-up with Honolulu Court Reporters who said they could accommodate the three (3) hour break on August 9 (if we pay an additional $65 appearance fee—essentially, two (2) appearance fees for the three (3) hour break); however, this still does not provide us with enough time to complete two (2) separate depositions. We can conduct Plaintiff Jonah Kaahu's deposition, on August 9, but I do not want to commit to taking Plaintiff Donna Kaahu's deposition on August 10, because three (3) hours (between 8:30-11:30) will not be enough time. Please let us know as soon as possible so we can confirm scheduling with the court reporter.

1

Of course, the foregoing is premised on the resolution of the Court's pending August 1, 2016 Order to Show Cause (Doc. No. 88).

Regards,

Traci Rei Morita
Deputy Corporation Counsel
City and County of Honolulu
530 S. King Street, Rm. 110
Honolulu, Hawai`i 96813
Tel: 808.768.5493
Fax: 808.768.5105
tmorita1@honolulu.gov

——Original Message——
From: Clifford Mau [mailto:clifford@breinerlaw.net]
Sent: Monday, August 1, 2016 12:36 PM
To: Furman, Amanda
Cc: Myles Breiner; Ellie Elento; Sherwood, Curtis E; Morita, Traci R (COR); Cornwell, Jeanine
Subject: ▮▮▮▮▮▮▮▮▮▮▮

Ms. Furman:

Thank you for your assurances that your actions are designed to facilitate the process of this litigation in an expeditious and professional manner.  I assure you our approach has always been and always will be entirely that.

To that end, I did have several conversations with you and Mr. Sherwood in the month of June about moving the date of the Settlement Conference in light of Defendant's two (2) Motion for Summary Judgment.  In our opinion, Defendants could not possible engage in any meaningful settlement discussions with the issues raised there unresolved.  Soon thereafter, Mr. Sherwood informed Mr. Breiner that Defendants' wanted to renewed their desire to depose both Plaintiffs.
I personally appreciate that Mr. Sherwood and I were able to work out dates and times agreeable to both sides in an expedient and professional manner.
But just to be clear, it is not my place nor style to be accusative or offensive — so I never mentioned it — but you must admit the chronology of the Defendants' demand for depositions after filing two (2) Motions for Summary Judgment and the request for additional work on the Settlement Conference (which was moved) has the appearance of "dilatory tactics."  Of course, I realize that is in large part because we choose to assume Corporation Counsel strategy is deliberate and not hap-hazard.

Nevertheless, I am certain Myles meant no personal offense when he referred to the process to date as "dilatory."  And I will attest that I specifically recall the conversation with you wherein you sought a "demand letter," and you informed me that that "you were only helping out on this case."

I can appreciate your position that you were not personally being "dilatory," but Ms. Traci Morita's request to cancel all depositions and move the Settlement Conference, yet again . . . . Well, let's just say that speaks for itself too.
And for the record, you are responding to Mr. Breiner's letter to Ms. Morita.  We are comfortable that upon review, it will be clear that Mr. Breiner's outrage is at this 11th hour request by Corporation Counsel to cancel everything, again.  Please forgive us if we assume that each and any of you can speak for the City and your individual clients.  It is only meant in deference to your status as Deputy Corporation Counsel and with the presumption that you all are on the same page.